UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA

Lynchburg Division

ROBERT A. NITTI,           )   Civil Action No.
                           )
    Plaintiff,             )     6:17CV00009
                           )
v.                         )
                           )
PENN CREDIT CORPORATION,   )
                           )
    Defendant.             )

## CLASS ACTION COMPLAINT

COMES NOW Robert A. Nitti, personally, and on behalf of a class of consumers similarly situated to him, who moves this Court to grant him judgment for the reasons stated herein.

### JURISDICTION

1. This Court has jurisdiction pursuant to its federal question jurisdiction, 28 U.S.C. § 1331, and pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k(d).

### PARTIES

2. Plaintiff Robert A. Nitti ("Nitti") is a citizen of Virginia.

3. Nitti is a consumer within the meaning of the FDCPA, as defined in 15 U.S.C. § 1692a(3).

4. Defendant Penn Credit Corporation ("Penn") is a Pennsylvania corporation which regularly conducts business as a debt collector in this judicial district.

5. The principal purpose of Penn's business is the collection of debts for its clients, creditors to whom debts are allegedly

1

owed by consumers.

6. Penn regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6).

7. Penn uses one or more instrumentalities of interstate commerce or the mails in its business, the principal purpose of which is the enforcement of security interests.

## STATEMENT OF FACTS

### 1. Facts Regarding Nitti.

8. Penn sent to Nitti the "Broken Promise" letters attached as Exhibit A, on February 1, 2016. The letters were received by Nitti sometime after February 1, 2016.

9. Penn's letters were "an attempt to collect a debt." The letters stated that, "It is important that you either make payment or contact our office today." The letters listed a total of 21 debts allegedly owed to the Virginia Department of Taxation. At least one of the debts was for Virginia individual income tax that was first assessed more than seven years prior to the date of the letters.

10. Nitti did not owe the Virginia individual income tax debt that was listed in the letters because collection of the debt was time-barred. Va.Code § 58.2-1802.1 provides that the limitations period for collection of Virginia state taxes is seven years. The statute states (italics added):

> Where the assessment of any tax imposed by this subtitle has been made within the period of limitation

2

properly applicable thereto, such tax may be collected by levy, by a proceeding in court, or by another means available to the tax commissioner under the laws of the commonwealth, *but only if such collection effort is made or instituted within seven years from the date of the assessment of such tax.*

## 2. Facts Regarding Penn's Regular Practices.

11. Penn regularly sends to Virginia residents collection letters seeking to attempt to collect time-barred Virginia income tax debts.

12. Penn is aware that there is a seven-year statute of limitations for the collection of Virginia individual income tax liabilities because it has received complaints from other Virginia residents regarding Penn's attempt to collect time-barred debts from the complaining Virginia residents.

13. Penn does not investigate, or have any procedure to verify, whether the Virginia individual income tax debts that it attempts to collect are time-barred. Under its contract with the Virginia Department of Taxation, the Virginia Department of Taxation uploads into a computer system a list of the persons from whom it seeks to collect tax debts, and Penn sends letters on its letterhead to those persons, with no intervention by Penn.

## ALLEGATIONS REGARDING THE PROPOSED CLASS ACTION

14. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Nitti brings this action for himself and on behalf of a class initially defined as:

### The Class

(a) All persons, nationwide, to whom Penn sent, within the one year preceding the filing of this Complaint, a letter attempting to

3

       collect a Virginia individual income tax liability,

  (b)  Which was assessed more than seven years prior to the date of Penn's letter.

15. *Numerosity, Fed. R. Civ. P. 23(a)(1).* Upon information and belief, the class members are so numerous that joinder of all class members individually is impractical. The names and addresses of the class members are identifiable through the internal business records maintained by Penn and the class members may be notified of the pendency of this action by published and/or mailed notice.

16. *Predominance of Common Questions of Law and Fact, Fed. R. Civ. P. 23(a)(2).* Common questions of law and fact exist as to all members of the putative class. These questions predominate over the questions affecting only individual class members. The principal issues are:

  (a)  Whether Penn is a debt collector;

  (b)  Whether Penn mailed a letter attempting to collect individual income tax from members of the class;

  (c)  Whether Penn's letters would have misled the least sophisticated consumer who received the Notice into believing that the tax debt could still be collected.

17. *Typicality, Fed. R. Civ. P. 23(a)(3).* Nitti's claims are typical of the claims of each putative class member. In addition, Nitti is entitled to relief under the same causes of action as the other members of the putative class. All are based on the same facts and legal theories.

18. *Adequacy of Representation, Fed. R. Civ. P. 23(a)(4).*

Nitti is an adequate representative of the putative class, because his interests coincide with, and are not antagonistic to, the interests of the members of the class he seeks to represent; he has retained counsel competent and experienced in such litigation; and he has and intends to continue to prosecute the action vigorously. Nitti and his counsel will fairly and adequately protect the interests of the members of the Class. Neither Nitti nor his counsel have any interests which might cause him not to vigorously pursue this action.

19. *Superiority, Fed. R. Civ. P. 23(b)(3).* Questions of law and fact common to the class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The damages sought by each member are such that individual prosecution would prove too burdensome and expensive for individual class members to litigate, which would allow Nitti to continue to violate the law with impunity. It would be virtually impossible for members of the class individually to effectively redress the wrongs done to them. Even if the members of the class themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the legal and factual issues raised by defendant's conduct. By contrast, the class action device will result in substantial benefits to the

5

litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in this case.

20. *Injunctive Relief Appropriate for the Class, Fed. R. Civ. P. 23(b)(2).* Class certification is appropriate because Penn has acted on grounds generally applicable to the class, making appropriate the grant of equitable injunctive relief with respect to Nitti and the class members.

### COUNT ONE

### (VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e)

(By Nitti, Personally, and in his capacity as representative of the Class)

21. Plaintiff incorporates the allegations of paragraphs 1-20 herein.

22. Penn's letters were an attempt to collect a debt because the letters state that, "This is an attempt to collect a debt," and the letters have no purpose other than to seek to collect payment from the addressee of the letters.

23. Penn's letters sent to Nitti would have misled the least sophisticated consumer into believing that Penn and the Virginia Department of Taxation still had the right to collect the individual income tax debts listed in the letters, even though the individual income tax debts were time-barred.

23. Accordingly, Penn violated 15 U.S.C. § 1692e by attempting to collect a debt from Nitti, and each member of the class, through misleading means. Penn's letters would have been misleading to the least sophisticated consumer whose individual income tax debt was time-barred from collection that neither Penn

6

nor the Virginia Department of Taxation could take any action to collect the debt if the consumer did not pay the debt.

24. WHEREFORE Nitti, individually, and as class representative, is entitled to judgment against Penn, is entitled to an injunction against Penn, permanently enjoining Penn from violating 15 U.S.C. § 1692e by sending collection letters attempting to collect time-barred Virginia individual income tax debt, is entitled to an award of statutory damages in the amount of $1000.00 for himself and for each class member and an award of his reasonable attorney fees and costs, pursuant to 15 U.S.C. § 1692k.

COUNT TWO

(VIOLATION OF THE FDCPA, 15 U.S.C. § 1692f)

(By Nitti, Personally, and in his capacity as representative of the class)

25. Plaintiff incorporates the allegations of paragraphs 1-20 herein.

26. Penn's letters were an attempt to collect a debt because the letters state that, "This is an attempt to collect a debt," and the letters have no purpose other than to seek to collect payment from the addressee of the letters.

27. Penn's letters were unfair and unconscionable because they sought to induce the least sophisticated consumer into believing that such consumer still owed a Virginia individual income tax debt that could be collected even though more than seven years had elapsed since the assessment of the tax liability, and the tax liability was no longer collectable.

28. Penn's letters were unfair and unconscionable because the letters falsely informed Nitti, and the members of the class, that the debt was collectable, when the debt was not collectable, and the letters sought to shame Nitti, and the members of the class, into paying the debt because they had "broken" their "promise," even though the statute of limitations to collect the debt had expired.

29. Accordingly, Nitti violated 15 U.S.C. § 1692f by attempting to collect a debt and obtain money from Nitti, and each member of the class, that was not owed, through unfair and unconscionable means.

30. WHEREFORE Nitti, individually, and as class representative, is entitled to judgment against Penn, is entitled to an injunction against Penn, permanently enjoining Penn from violating 15 U.S.C. § 1692f by sending letters to consumers in an attempt to collect time-barred Virginia individual income tax debt, is entitled to an award of statutory damages in the amount of $1000.00 for himself and for each class member and an award of his reasonable attorney fees and costs, pursuant to 15 U.S.C. § 1692k.

### JURY TRIAL

The Plaintiff demands trial by jury.

Respectfully Submitted,

ROBERT A. NITTI

By: /s/ Gary M. Bowman

Gary M. Bowman, Esq.
VSB No. 28866
2728 Colonial Ave., Ste. 100
Roanoke, Virginia 24015
Tel: (540) 343-1173
Fax: (540) 343-1157